**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | Clarkson S. Fisher Federal Building &<br>U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

**LETTER OPINION AND ORDER**

July 13, 2015

Todd S. Bruce
25 West Hanover Place, Apt. 613
Trenton, New Jersey 08618

Landman Corsi Ballaine & Ford P.C.
1 Gateway Center, Fourth Floor
Newark, New Jersey 07102

      RE:    **Bruce v. National Railroad Passenger Corporation**
              **Civil Action No.: 3:15-CV-00756-FLW**

Dear Litigants:

      Defendant National Railroad Passenger Corporation ("Amtrak") moves to dismiss the complaint filed by plaintiff Todd S. Bruce, *pro se* ("Plaintiff"). Pursuant to Fed. R. Civ. P. 8, 10, and 11. For the following reasons, I deny the motion, but find that Plaintiff must file an amended complaint to correct certain procedural deficiencies.

      The following facts are taken from Plaintiff's complaint. On February 5, 2013, Plaintiff, a New Jersey resident, attempted to board an Amtrak train on track number 50 in Chicago, Illinois when he slipped on an oily substance and fell onto his back. *See* Compl. According to Plaintiff, there were no caution signs stationed near the area of the incident. *Id*. Following the injury, Amtrak Conductor Frederick Taylor completed an incident report. *Id*.

      Plaintiff asserts that he sought medical attention once he returned to New Jersey. *Id*. Plaintiff further asserts that he is without medical coverage and has therefore accrued approximately $17,000 worth of medical expenses and is currently attending regular physical therapy sessions. *Id*. Upon contacting an Amtrak claims department representative, Plaintiff asserts that he was informed that he would not be compensated for his damages. *Id*.

      On February 2, 2015, Plaintiff filed this lawsuit. With respect to jurisdiction, Plaintiff noted that travel difficulty precluded him from filing the suit in Chicago, where the incident transpired,

and accordingly requested that it be considered by the Federal System. In addition, to describe his cause of action, Plaintiff provided a one-paragraph and unnumbered description of the incident and the months following its occurrence. Finally, in his Demand section, Plaintiff requested that Amtrak reimburse Plaintiff for his medical expenses and for pain and suffering.

Thereafter, Amtrak filed this motion to dismiss. Amtrak argues that Plaintiff's Complaint does not plausibly plead a claim upon which relief may be granted in accordance with Fed. R. Civ. P. 8, and does not meet the requirements stated in Fed. R. Civ. P. 10 and 11, and L. Civ. R. 11.1. Specifically, Amtrak contends that the Complaint is (1) substantively insufficient to permit the Court to draw a reasonable inference that Amtrak is responsible for the injury, and (2) procedurally insufficient because it lacks the Court's name in the caption, numbered paragraphs, and Plaintiff's signature. Finally, Amtrak requests that, in the event that Plaintiff's complaint is not dismissed, Plaintiff be required to provide a more definite statement in order for Amtrak to respond.[1]

Plaintiff filed a letter brief in opposition to Amtrak's motion ("Letter Brief") on March 12, 2015. In this brief, Plaintiff argues that Amtrak's motion must be denied, as Plaintiff's complaint raises viable and cognizable claims, and that dismissal of Plaintiff's claims would violate Plaintiff's right to procedural due process under the New Jersey and United States Constitutions. Plaintiff also notes that the filings of *pro se* litigants are traditionally construed more liberally, and asserts that the inadequacies of his complaint are augmented by the protections established in the Fourteenth Amendment.

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561 (quoting *Conley*, 355 U.S. at 45–46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. As the Third Circuit has stated, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating . . . [a] claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips,* 515 F.3d at 234 (quoting *Twombly*, 127 U.S. at 556); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' . . . The pleading standard 'is not akin

---

[1] The Court notes that, while it believes that it has received the full extent of Amtrak's memorandum, the progression of the memorandum does not match its table of contents. Specifically, subsection A under Section I of this memorandum's "Argument" is immediately followed by subsection D, and further by subsection E. Furthermore, Section I is immediately followed by Section III.

to a 'probability requirement[;] ". . . to survive a motion to dismiss, a complaint merely has to state a 'plausible claim for relief.'" (Citations omitted.)).

In affirming that *Twombly*'s standards apply to all motions to dismiss, the Supreme Court explained several principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010), *cert. denied,* 132 S.Ct. 98 (2011) (citation and internal quotation marks omitted). The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *Id.* at 98. This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." *Id.* That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct at 1953).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972); *United States v. Day,* 969 F.2d 39, 42 (3d Cir. 1992). This policy of liberally construing a *pro se* plaintiff's compliant has led courts "to apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 688 (3d Cir. 2003); *see also Weaver v. Wilcox*, 650 F.2d 22, 25–6 (3d Cir. 1981) (construing plaintiff's complaint to allege a § 1983 action even though plaintiff did not explicitly state this as the basis of the claim).

Additionally, the Court must "accept as true all of the allegations in the complaint and all the reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

Thus, a *pro se* complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

The Court first examines the substantive viability of Plaintiff's complaint. In that connection, the Court finds that Plaintiff has satisfied the requirements to survive a 12(b)(6) Motion to Dismiss. It appears from Plaintiff's complaint that Plaintiff is asserting a negligence claim against Amtrak. To state a claim for negligence, a plaintiff must assert, "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Fogarty v. Household*

*Finance Corp. III*, 2015 WL 852071, at *20 (D.N.J. Feb. 25, 2015) (slip copy) (quoting *Brunson v. Affinity Fed. Credit Union*, 199 N.J. 381, 400 (2009)). Here, Plaintiff alleges in his Complaint that "[n]o caution signs were posted in the immediate vicinity nor had anyone made an attempt to clean the area." *See* Compl. The Court finds that this averment, while not explicit, contains two important implications: (1) it is the duty of Amtrak to maintain the safety of its premises and to adequately warn its customers of any potential dangers, and (2) that in failing to install any cautionary signs, Amtrak breached this duty. Furthermore, with respect to requirements three and four, Plaintiff provided that "there was an oily substance around the platform that I had not noticed until I slipped in it and fell, injuring myself." *Id.* Moreover, Plaintiff indicated that his medical expenses have amassed to approximately $17,000. In this regard, the Court finds that both the causal nexus between the incident and Plaintiff's injuries and an approximation of damages have been sufficiently expressed in this complaint. Further, Plaintiff has given Amtrak notice about the circumstances surrounding his fall by pleading additional facts about which train he was attempting to board and the date of his accident. *See* Compl. Therefore, giving Plaintiff's Complaint the liberal reading it is due, the Court finds that the four elements necessary to sustain a negligence action under New Jersey law are sufficiently plead to state a *plausible* claim for relief for the purposes of this motion. *See, e.g.*, *McDowell v. Kmart Corp.*, 2006 WL 1967363, *3 (E.D. Pa. July 12, 2006) (denying defendant's 12(b)(6) motion on plaintiff's negligence claim following a slip and fall on defendant's premises upon finding that it did not appear beyond a reasonable doubt that plaintiff could prove no set of facts that would entitle her to relief, despite conceding that the factual allegations behind plaintiff's claim were not particularly detailed).

However, the Court finds that Plaintiff's complaint is, as Amtrak argues, procedurally deficient, for the following reasons. First, Plaintiff has first failed to assert a basis for federal subject matter jurisdiction in accordance with Fed. R. Civ. P. 8(a), which states that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."[2] Second, Plaintiff has failed to number the paragraphs of his complaint in accordance with Fed R. Civ. P. 10(b), which states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Finally, Plaintiff has failed to sign the document pursuant to Fed. R. Civ. P. 11(a), which states that, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."[3] Therefore, Plaintiff must amend his Complaint to comply with the above Federal Rules of Civil Procedure.

---

[2] The Court notes that while Plaintiff is procedurally required to set for the basis for subject matter jurisdiction, substantively, "[b]ecause a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak." *Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1113 (D.N.J. 1996) *aff'd*, 118 F.3d 1575 (3d Cir. 1997); *see also Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 159 F. Supp. 2d 28, 34 (E.D. Pa. 2001) *aff'd*, 288 F.3d 519 (3d Cir. 2002).

[3] Amtrak argues that Plaintiff's Complaint also violates L. Civ. R. 11.1, which states that "[i]n each case, the attorney of record who is a member of the bar of this court shall personally sign all papers submitted to the Court or filed with the Clerk." However, because Plaintiff is *pro se*, his own signature will suffice for the purposes of this rule.

Accordingly, Amtrak's motion to dismiss is DENIED. However, Plaintiff is granted leave to amend his complaint within 30 days to correct the complaint's procedural deficiencies, in accordance with this letter opinion and order.

**SO ORDERED.**

Sincerely yours,

 /s/ Freda L. Wolfson
FREDA L. WOLFSON

United States District Judge